UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex. rel.* ANDREW T. POOL and<br>ANDREW T. POOL, individually,<br><br>      Plaintiffs,<br><br>    v.<br><br>NMC, INC., d/b/a<br>NORTHSIDE MACHINE COMPANY,<br><br>      Defendant. | 2:09-cv-66-WTL-WGH |

**ORDER ON NMC, INC.'S MOTION FOR PROTECTIVE ORDER
OR, IN THE ALTERNATIVE, MOTION TO QUASH
NON-PARTY SUBPOENA TO REGIONS BANK**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on NMC's Motion for Protective Order or, in the Alternative, Motion to Quash Non-party Subpoena to Regions Bank filed on October 15, 2010. (Docket No. 53). The Relator, Andrew T. Pool, filed a Response in Opposition on October 28, 2010. (Docket No. 58). NMC filed a Reply on November 8, 2010. (Docket No. 61).

The Magistrate Judge, being duly advised, hereby **GRANTS** the Defendant's Motion to Quash Non-party Subpoena to Regions Bank.

**Background**

The Relator alleges in his Complaint that the Defendant, NMC, Inc. d/b/a Northside Machine Company ("NMC"), violated the False Claims Act when it

knowingly submitted false documentation to the United States Government and FN Manufacturing, Inc., concerning the sale of weapons parts and components. During discovery in this case, the Relator learned that NMC banked at non-party Regions Bank. Consequently, in an attempt to discern how much money the United States Government had paid over the years for NMC's weapons parts, the Relator sought to subpoena NMC's bank records. The Subpoena issued to Regions Bank provided as follows:

> With respect to any and all business checking accounts, and/or any other accounts of any sort, held at Regions Bank by NMC, Inc. d/b/a Northside Machine Company ("NMC"), of Dugger, Indiana, at any time from February 1, 2003, through and including July 31, 2007, please produce:
>
> 1. True and complete copies of any and all monthly statements related thereto or associated therewith; and
>
> 2. True and complete copies of any and all confirmations, whether provided in written, electronic, or any other format, of any and all deposits made by way of any electronic funds transfer (EFT), direct deposit, or any other electronic or automated means, into any such account.

(Motion for Protective Order at Ex. 1).

Pursuant to Rules 26(b)(2)(C) and 45(c)(3) of the Federal Rules of Civil Procedure, NMC filed the instant motion seeking either the entry of a protective order with regard to the subpoena issued by Relator to Regions Bank or an order from the court quashing the subpoena. NMC argues that the bank records requested are too broad, cumulative, or duplicative of other discovery already produced, and irrelevant to Relator's claims.

## Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Because these rules implicate the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment. FED. R. CIV. P. 26(c). Additional limitations are imposed on discovery by Rule 26(b)(2)(C), which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The burden lies with the party seeking the protective order to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

Similarly, Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and provides that the court "must" quash a subpoena that requires disclosure of a privileged or other protected matter or is unduly burdensome. FED. R. CIV. P. 45(c)(3)(A)(iii) & (iv).

Here, NMC essentially concedes that the portions of their bank records concerning allegedly false claims are relevant to this dispute. However, they argue that they have already provided the Relator with all of their bank records regarding such transactions. They further argue that the Relator should not be entitled to discovery of all of the bank records, as many of the records "involve transactions with other customers that are not at issue in this litigation."

The subpoena, as issued, is overbroad in that it would require disclosure of all of NMC's financial transactions, both relevant and irrelevant to the issues presented in this litigation. The Magistrate Judge, therefore, concludes that NMC's Motion to Quash Non-party Subpoena to Regions Bank is **GRANTED.** The Relator may be entitled to test the veracity of NMC's representations that all of the records have been produced. To do so, however, the subpoena to Regions Bank must be narrowly tailored to require disclosure only of those bank records, including checks and electronic funds transfers, from the United States Government and FN Manufacturing, Inc. Some communication with the bank may be necessary to determine in what manner such information can be identified within the entirety of the bank records as they exist.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** November 9, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jennifer Westerhaus Adams
BARNES & THORNBURG LLP
jennifer.adams@btlaw.com

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Lane C. Siesky
SIESKY LAW FIRM, PC
lane@sieskylaw.com